# United States District Court
## for the Northern District of Oklahoma

Case No. 25-cv-131-JDR-MTS

TSI GROUP, LLC,

*Plaintiff,*

*versus*

WIGGINS COMPUTING, LLC; JUSTIN WIGGINS; AMERICAN TOWERS, LLC,

*Defendants.*

## OPINION AND ORDER

TSI Group, LLC sued Defendants Wiggins Computing, LLC, Justin Wiggins, and American Towers, LLC in Tulsa County Court for breach of contract and fraud. Dkt. 2-2. After the case was removed, this Court dismissed TSI's claims against American Towers and granted TSI leave to amend its pleading. Dkts. 2, 4, 19.[1] The amended complaint supplemented the original claims and asserted new claims of tortious interference with contract and unjust enrichment against all three Defendants. Dkt. 20. American Towers and the Wiggins Defendants separately moved to dismiss the amended complaint. *See* Dkts. 23, 28. For the reasons set forth below, the Court grants American Towers's motion and grants the Wiggins Defendants' motion in part. TSI may file a second amended complaint to cure the pleading deficiencies noted in this opinion on or before August 21, 2026.

---

[1] All citations use CM/ECF pagination.

No. 25-cv-131

## I

According to the amended complaint,[2] TSI constructs, maintains, and services cellular communication towers across the country. TSI uses third-party subcontractors to provide labor and fulfill the obligations it owes to its customers. In July 2022, TSI entered into a master service agreement ("MSA") with one of those sub-contractors, Wiggins Computing. Justin Wiggins, allegedly acting individually and on behalf of Wiggins Computing, executed the MSA, which sets forth the terms governing the relationship between TSI and Wiggins Computing. Among other things, the MSA allegedly prohibits the "Defendants" from "solicit[ing] business directly from TSI's customers" or "interefer[ing] with TSI's business relationships." Dkt. 20 at ¶¶ 5-10.

After executing the MSA, the Wiggins Defendants[3] began working for TSI at various worksites, some of which were owned by American Towers, one of TSI's customers. *Id.* at ¶ 11. TSI alleges that, after executing the MSA, Defendants "intentionally and knowingly colluded to bypass" that agreement and "provide services in violation of the MSA." *Id.* at ¶ 14. Mr. Wiggins allegedly engaged individuals employed by American Towers to "conduct business outside of [TSI's] agreement with [Wiggins Computing]." *Id.* at ¶ 15.

TSI alleges that Defendants tortiously interfered with TSI's business, were unjustly enriched by their wrongful conduct, breached their contractual obligations, and engaged in fraud by falsely representing that "they would abide by the terms of their contract with TSI" when they had no intention of

---

[2] For purposes of Defendants' motions, the Court accepts the well-pleaded allegations in the complaint as true and views them in the light most favorable to TSI. *See Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017).

[3] The Court notes that the amended complaint uses "Defendants" to refer to American Towers, Mr. Wiggins, and Wiggins Computing collectively, even when, as here, it appears that a more limited reference must be intended. *See, e.g.,* Dkt. 20 at ¶ 11 (alleging the "Defendants began work for TSI at numerous sites which are owned and/or operated by TSI's customers including [American Towers]").

No. 25-cv-131

doing so. *Id.* at ¶ 34; *see also id.* at ¶¶ 18-37. Defendant American Towers moved to dismiss the claims against it, and the Wiggins Defendants have done the same. The Court will address each motion in turn.

## II

American Towers argues that the amended complaint fails to assert allegations pertinent to its own conduct. *See generally* Dkt. 23. Instead, American Towers argues, the pleading makes general allegations concerning the "Defendants" as a group, even though some of the allegations are plainly inapplicable to American Towers. *See Id.* at 2-3. American Towers contends that, because TSI set forth only generalized allegations against the "Defendants" collectively, and did not assert particularized allegations against American Towers specifically, TSI has failed to state a claim for relief against it. *Id.* The Court agrees.

## A

The amended complaint fails to state a claim for tortious interference with a business contract[4] against American Towers. "To assert a claim for tortious interference with an existing contract or business relationship, a plaintiff must allege: '(1) a business or contractual right that was interfered with, (2) interference that was malicious and wrongful and was neither justified, privileged nor excusable, and (3) damage caused by interference.'" *Shoemaker Corp. III, Inc. v. Garrett*, 704 F. Supp. 3d 1222, 1242 (N.D. Okla. 2023), *opinion clarified*, No. 4:19-cv-00145-JCG-CDL, 2024 WL 6982473 (N.D. Okla. Apr. 23, 2024) (quoting *Optima Oil & Gas Co., LLC v. Mewbourne Oil Co.*, No. CIV-09-145-C, 2009 WL 1773198, at *8 (W.D. Okla. June 22,

---

[4] Oklahoma does not recognize a claim for "tortious interference with business contract." It does, however, recognize claims for "tortious interference with a contractual relationship and tortious interference with a prospective economic advantage." *Pre-Paid Legal Servs., Inc. v. Kane*, No. CIV-07-388-FHS, 2008 WL 640351, at *3 (E.D. Okla. Mar. 5, 2008) (citing *Gaylord Entertainment Co. v. Thompson*, 958 P.2d 128, 150 n. 96 (Okla. 1998)). The Court construes the amended complaint as seeking relief under both theories.

No. 25-cv-131

2009)). The alleged interference must be the result of an act that is unfair, unlawful, or taken by lawful means but without justification. *Id.*

TSI has not alleged facts that would permit a jury to find each of these elements are satisfied with respect to American Towers. First, the amended complaint does not specify the business or contractual relationships that *American Towers* allegedly interfered with. *See Hetronic Int'l, Inc. v. Rempe*, 99 F. Supp. 3d 1341, 1350 (W.D. Okla. 2015) (dismissing counterclaim that failed to identify the prospective customer relationships that were interfered with or to describe the conduct causing the interference). Although TSI generally alleged that "Defendants" collectively solicited and engaged in business with TSI's customers, including American Towers, this is nothing more than a conclusory assertion. TSI did not set forth non-conclusory facts concerning American Towers's conduct that would establish the essential elements of its tortious-interference claim. That failure necessitates dismissal. *See, e.g., Allen v. IM Sols., LLC*, 94 F. Supp. 3d 1216, 1222 (E.D. Okla. 2015) (granting a defendant's motion to dismiss where the plaintiff failed to allege non-conclusory facts against the defendant and failed to allege that the defendant intended to injure the plaintiff).

TSI argues that American Towers interfered with the MSA by colluding to engage with Wiggins Computing directly, rather than through TSI. Dkt. 24 at 3. But the amended complaint references this alleged collusion only in general, conclusory terms. Dkt. 20 at ¶ 14. It fails to set forth facts describing the specific conduct allegedly taken by American Towers. TSI cannot rely on conclusory assertions; it must set forth specific allegations that could permit a jury to find that American Towers took an action to induce the Wiggins Defendants to breach the MSA. *See Shell v. Am. Fam. Rts. Ass'n*, 899 F. Supp. 2d 1035, 1060 (D. Colo. 2012) (dismissing complaint against a defendant where the complaint included only conclusory allegations and failed to identify any "specific conduct, acts, or statements by [that defendant] that could plausibly give rise to an inference that he induced any person to breach an

4

No. 25-cv-131

existing contract"). Because the amended complaint does not include those allegations with respect to American Towers, TSI has failed to state a claim for tortious interference against that entity.

The amended complaint likewise fails to set forth facts demonstrating that American Towers's acts were malicious and wrongful—another essential element of its claim. *Shoemaker Corp.*, 704 F. Supp. 3d at 1242. TSI does not argue, for example, that American Towers had a contractual or other legal obligation not to solicit services from the Wiggins Defendants directly. It only argues that Defendants "colluded to bypass" the MSA, without setting forth any facts that would preclude American Towers from engaging in that conduct. "Such a conclusory and formulaic recitation of the elements of a cause of action is insufficient to state a claim" that American Towers acted in bad faith. *See Shotwell v. State*, No. CIV-25-05-JFH-GLJ, 2025 WL 2214517, at *5 (E.D. Okla. July 15, 2025), *report and recommendation adopted sub nom. Shotwell v. State of Oklahoma Dep't of Tourism & Recreation*, No. 25-cv-5-JFH-GLJ, 2025 WL 2210723 (E.D. Okla. Aug. 4, 2025) (concluding that allegations that "'Defendants' acted maliciously and wrongfully" could not state a tortious interference claim). Absent allegations permitting the inference that American Towers engaged in wrongful conduct, the pleading cannot withstand scrutiny. *See Allen*, 94 F. Supp. 3d at 1222. TSI's conclusory allegations are insufficient to state a claim for tortious interference.

## B

TSI's claim for unjust enrichment fails for similar reasons. To state a claim for unjust enrichment against American Towers, TSI must allege facts that, if true, could support the conclusion that American Towers (1) unjustly (2) retained (3) a benefit received (4) at the expense of another. *See Okla. Dep't of Sec. ex rel Faught v. Blair*, 2010 OK 16, ¶22, 231 P.3d 645, 658-59. The amended complaint fails to set forth facts sufficient to establish these elements.

First, the amended complaint does not identify the benefits American Towers allegedly received, nor does it set forth facts demonstrating that those benefits were retained unjustly. Although the amended complaint generally alleges that "Defendants" wrongfully benefitted by obtaining "payments, profits, and business opportunities," it does not identify what payments, profits, or opportunities were received by American Towers. Dkt. 20 at ¶ 25. Nor does it allege facts describing how American Towers—which is itself one of TSI's customers—solicited or retained any business that normally would have belonged to TSI. Dkt. 20 at ¶¶ 21-22.

TSI suggests that American Towers obtained the benefit of lower service costs by "hir[ing] Wiggins directly," thereby receiving services that it would have ordinarily obtained through TSI at a lower price by "avoiding TSI's markup." Dkt. 24 at 4-5 (citing Dkt. 20 at ¶¶ 14-17, 27-28). But the amended complaint does not identify lower prices or a reduced markup when setting forth the benefits allegedly retained by Defendants. *See* Dkt. 20 at ¶ 25 (describing benefits including "payments, profits, and business opportunities derived from [TSI's] contracts and relationships"). And while the Court must draw reasonable inferences in favor of TSI, it is not required to insert allegations into the amended complaint on TSI's behalf. The amended complaint does not allege that American Towers received the unjust benefit of lower service costs, and it is not proper for the Court to infer that it did so, particularly where the amended complaint indicates that other contractors may have worked with the Wiggins Defendants to provide (and, presumably, charge for) services to American Towers. *See* Dkt. 20 at ¶ 16 (alleging that the Wiggins Defendants "would provide their services to [American Towers] via contractors other than [TSI]").

Even if the amended complaint alleged that American Towers obtained the benefit of a better deal when it contracted with the Wiggins Defendants, it would still fail to state a claim because it does not allege any facts showing that it was "unjust" for American Towers to retain that bargained-

for benefit. As the Court already recognized, the amended complaint fails to point to any contractual provision or legal standard prohibiting American Towers from soliciting business directly from the Wiggins Defendants. The conclusory allegation that American Towers "colluded" to bypass the MSA, without any factual allegation establishing that it was unjust to do so, is insufficient to establish the essential elements of TSI's unjust-enrichment claim. *See Smith v. LifeVantage Corp.*, 429 F. Supp. 3d 1275, 1289 (D. Utah 2019) (dismissing unjust-enrichment claim where the plaintiffs alleged only that the defendants "derived financial benefits from" the plaintiffs and that it "would be unjust" to permit the defendants to retain those benefits). Accordingly, TSI's unjust enrichment claim against American Towers must be dismissed.

## C

TSI fails to state a claim that American Towers breached its contractual obligations. To state this claim, TSI was required, at a minimum, to identify the contract that was formed with and breached by American Towers. *See Tufaro v. Oklahoma ex rel. Bd. of Regents of Univ. of Oklahoma*, 107 F.4th 1121, 1132 (10th Cir. 2024) (recognizing that a breach-of-contract claim requires proof of formation of a contract, breach of the contract, and damages). The amended complaint does not do this. Instead, it alleges generically that the "parties entered into a . . . contract" and that the "Defendants have breached their contractual obligations . . . ." Dkt. 20 ¶¶ 30-31. TSI argues that the amended complaint references "multiple" agreements creating obligations on the part of American Towers. Dkt. 24 at 5. The Court disagrees. The amended complaint fails to specifically identify a single agreement between TSI and American Towers. Even if a specific agreement were identified, the amended complaint does not allege facts establishing the breach of that agreement. Because the amended complaint lacks these essential allegations, it fails to state a claim for breach of contract against American Towers. *See Mantooth v. Health Care Serv. Corp.*, No. 20-cv-578-TCK-JFJ, 2021 WL 256803, at *2 (N.D. Okla. Jan. 25, 2021) (dismissing breach-of-contract claim where the

No. 25-cv-131

petition failed to "allege any facts explaining how [the defendant] breached the agreement" or "what terms were breached").

## D

Finally, TSI's amended complaint fails to state a claim for fraud against American Towers. TSI's fraud claim is subject to the heightened requirements in Rule 9(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 9(b) (requiring a party alleging fraud or mistake to "state with particularity the circumstances" constituting fraud). To satisfy that rule, a party alleging fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991)).

TSI's complaint alleges only that Defendants "did willingly, knowingly, and intentionally make false representations" that "they would abide by the terms of their contract with TSI." Dkt. 20 at ¶ 34. The time of the allegedly false statement by American Towers is not alleged; the identity of the person making the statement is not alleged; and TSI did not distinguish the statement made by American Towers from the statements made by any other Defendant—which it was required to do. *See Lillard v. Stockton*, 267 F. Supp. 2d 1081, 1094 (N.D. Okla. 2003) (recognizing that "allegations of fraud couched in language such as 'by the defendants' are insufficient" to satisfy Rule 9(b), and that "the specifics of the alleged fraudulent activity of each defendant must be set forth"). The amended complaint wholly fails to allege fraud in accordance with the requirements of Rule 9(b) and, as a result, TSI's fraud claim must be dismissed.

## III

Having determined that TSI's claims against American Towers are without merit, the Court now turns to the claims against Mr. Wiggins and Wiggins Computing. The Wiggins Defendants, like American Towers, raise

8

No. 25-cv-131

arguments regarding the conclusory nature of TSI's allegations. They also raise substantive arguments specific to TSI's claims against Mr. Wiggins and TSI's claim for breach of contract.

### A

The Court begins with Mr. Wiggins's argument that he cannot be held individually liable for TSI's claims of tortious interference, unjust enrichment, or breach of contract. *See* Dkt. 28 at 5-8 (citing Okla. Stat. tit. 12, § 682.B). Mr. Wiggins is correct that, except in certain circumstances not applicable here, Oklahoma law generally shields corporate officers, directors, and shareholders from claims based on actions taken in their official capacities. It does not, however, shield them from claims based on actions taken outside the scope of their official roles. Okla. Stat. tit. 12, § 682.B. Section 682.B does not necessarily preclude TSI from asserting breach-of-contract, tortious-interference, or unjust-enrichment claims against Mr. Wiggins as a matter of law, but it does bar claims that are not premised upon Mr. Wiggins's *individual* conduct. The first amended complaint, which frequently conflates the conduct of Mr. Wiggins and Wiggins Computing and refers to those two Defendants collectively, fails to set forth facts that, if true, would permit a factfinder to conclude that Mr. Wiggins "took some action of [his] own accord that was either itself tortious or was outside the scope of [his] role" at Wiggins Computing. *I.C. Intel. LLC v. Shownation LLC*, No. 25-cv-636-JDR-MTS, 2026 WL 1872806, at *3 (N.D. Okla. June 22, 2026). Absent such allegations, TSI's tortious-interference, unjust-enrichment, and breach-of-contract claims against Mr. Wiggins are precluded by Section 682.B.

### B

The Court next considers the Wiggins Defendants' contention that TSI has failed to state a claim for tortious interference with contract. The Wiggins Defendants argue that the amended complaint alleges only that they solicited business from TSI's customers "in violation of the Master Service Agreement." Dkt. 28 at 8. They argue that, as a matter of law, they could not

9

No. 25-cv-131

"interfere" with the MSA because they were parties to that agreement. *See Chapman v. Chase Manhattan Mortg. Corp.*, No. 04-cv-0859-CVE-FHM, 2007 WL 2815246, at *6 (N.D. Okla. Sept. 24, 2007) (holding that "a party can not tortiously interfere with a contract to which it is a party"). The Wiggins Defendants are correct on this point.

In response, TSI argues that it had "valid contractual and business relationships with customers, including ATC" that the Wiggins Defendants interfered with. Dkt. 34 at 5-6. The Court has reviewed the allegations that TSI cites in support of this proposition and concludes that they are conclusory, formulaic, and insufficient to establish the specific contractual right the Wiggins Defendants interfered with, that the interference was malicious and wrongful, and that TSI was damaged as a result. *Shoemaker Corp. III, Inc. v. Garrett*, 704 F. Supp. 3d 1222, 1242 (N.D. Okla. 2023). It may be possible for TSI to assert a claim for tortious interference against the Wiggins Defendants, but it has not yet done so.

## C

Next, the Wiggins Defendants argue that TSI failed to state a claim against them for unjust enrichment. The Court disagrees with respect to TSI's claim against Wiggins Computing.[5] To state a claim for relief, TSI was required to allege facts that, if true, could support the conclusion that Wiggins Computing (1) unjustly (2) retained (3) a benefit received (4) at the expense of another. *See Okla. Dep't of Sec. ex rel Faught v. Blair*, 2010 OK 16, ¶ 22, 231 P.3d 645, 658-59. In the amended complaint, TSI alleges that Wiggins Computing entered into an MSA in which it agreed not to solicit business from TSI's customers (one of which was American Towers), and that Wiggins Computing nevertheless conducted business outside of the MSA and, as a result, obtained payments, profits, and business opportunities that otherwise belonged to TSI. Dkt. 20 at ¶¶ 10, 14-16, 25-26. These allegations,

---

[5] As discussed in Section III-A, *supra*, TSI has not yet alleged facts to support this claim against Mr. Wiggins individually.

10

No. 25-cv-131

though sparse, are sufficient to state a claim for relief against Wiggins Computing.

## D

The Wiggins Defendants next argue that TSI's breach-of-contract claim, though adequately pleaded, is unenforceable under Oklahoma law. They assert that Okla. Stat. tit. 12, § 217 prohibits contracts that restrain the free exercise of trade unless certain exceptions apply, and that none of the exceptions apply in this case. Dkt. 28 at 11-12. The Court disagrees with the Wiggins Defendants. As noted in controlling Oklahoma precedent, Section 217 prohibits only "*unreasonable* restraints on the exercise of trade." *Bayly, Martin & Fay, Inc. v. Pickard*, 1989 OK 122, ¶ 11, 780 P.2d 1168, 1171 (emphasis added). Limited restraints of trade that fall within the rule of reason are not prohibited per se, and contractual defects can, in some cases, be cured by judicial modifications. *Id.*; *see also Express Servs., Inc. v. Averette*, No. CIV-06-820-C, 2007 WL 1888652, at *4 (W.D. Okla. June 29, 2007). The Court cannot say, based on the limited information available and briefing provided, that the MSA unreasonably restrains trade in a manner that cannot be cured by judicial modification. The Court denies the motion to dismiss TSI's breach-of-contract claim against Wiggins Computing at this time but will permit Defendants to reassert this defense at a later stage of the proceedings.

## E

Finally, the Court concludes, for substantially the same reasons stated in Section II-D, *supra*, that the amended complaint fails to allege fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. TSI was required to allege the "the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991)). These mandatory details are simply not pleaded in the amended complaint. Because the amended complaint fails to allege fraud in

No. 25-cv-131

accordance with the requirements of Rule 9(b), TSI's fraud claims against the Wiggins Defendants cannot proceed.

## IV

TSI has failed to state a claim for relief against American Towers or Mr. Wiggins and has failed to state a claim for tortious interference or fraud against Wiggins Computing. Accordingly, the Court grants American Towers's motion to dismiss and grants the Wiggins Defendants' motion, in part. TSI's claims for unjust enrichment and breach of contract may proceed against Wiggins Computing. Should TSI wish to amend its pleading to rectify the deficiencies identified for the dismissed parties and claims, it will be given one final opportunity to do so. TSI may submit an amended pleading on or before August 21, 2026.

DATED this 31st day of July 2024.

JOHN D. RUSSELL
*United States District Judge*